UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00048-FDW

| | | |
|---|---|---|
| **BUDDY DOLLARS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **ACTING COMMISIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff Buddy Dollars' Motion for Summary Judgment, (Doc. No. 9), and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment. (Doc. No. 11). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary judgment is GRANTED, and the Administrative Law Judge's ("ALJ's") decision is AFFIRMED.

**I.     PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits on May 13, 2010, for an alleged disability beginning on April 1, 2009. (Tr. at 14). Plaintiff's application was denied initially, as well as upon reconsideration. (Tr. at 14). An ALJ held a

1

hearing, attended by both Plaintiff and his counsel, on October 9, 2012, and determined that Plaintiff was not disabled within the meaning of the Act on February 8, 2013. (Tr. at 14 – 23). Plaintiff timely filed a Request for Review with the Appeals Council on March 19, 2013, which was subsequently denied on February 26, 2014, making the ALJ's decision final. (Tr. at 1 – 6). Plaintiff filed this civil action seeking a review of the Commissioner's final decision. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" as such:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between April 1, 2009, and the date of his decision.[1] Plaintiff bears the burden of proof to establish he was disabled within the meaning of the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

On February 8, 2013, the ALJ found that Plaintiff was not "disabled" at any time between April 1, 2009, and the date of his decision. (Tr. at 14). Further, the ALJ determined that Plaintiff has the residual capacity to perform light work. (Tr. at 17). Particularly, the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. at 22).

On appeal, Plaintiff makes the following assignments of error: 1) the Commissioner failed to consider and give proper weight to the State of North Carolina's finding that Plaintiff was disabled for the purposes of North Carolina's long-term disability plan; 2) the Commissioner erred in determining Plaintiff could perform light work; 3); the ALJ failed to give proper weight to Plaintiff's pulmonologist's findings; and 4); the Commissioner erred in failing to consider new and material evidence submitted by Plaintiff. (Doc. No.9). For the foregoing reasons, these arguments fail.

**A. Consideration of North Carolina's Disability Income Plan Ruling**

Plaintiff argues that the ALJ failed to consider the State of North Carolina's determination that Plaintiff was disabled according to the North Carolina Long Term Disability Income Plan and Plaintiff's Workers' Compensation approval. (Doc. No. 9-1). An ALJ must

4

consider a decision by another agency; however, that decision is not binding on the ALJ regarding the applicant's disability status. <u>Titles II & XVI:II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmen</u>, SSR 06-03P (S.S.A. Aug. 9, 2006). According to 20 C.F.R. § 404.1527, "[a] decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind." 20 C.F.R. § 404.1504.

Here, the ALJ properly stated that he is not bound by the North Carolina Disability decision. (Tr. at 16). Plaintiff submitted a questionnaire from North Carolina, which states Plaintiff is receiving Workers' Compensation for a period of thirty one hours due to an incident that occurred on March 17, 2009, involving an allergic reaction to inhaled chemicals. (Tr. at 1242-1243). Further, Plaintiff submitted his agreement that he will terminate his employment with the State of North Carolina to receive Long-Term Disability benefits from North Carolina. (Tr. at 1399-1403). There is nothing further noted on the form as to the type of chemicals, the type of reaction, nor any tests performed to confirm the injury. The ALJ specifically states that he reviewed all the relevant evidence in "accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Tr. at 18). Because SSR 06-03p deals specifically with decisions by other Governmental entities, substantial evidence supports the ALJ's decision regarding North Carolina's findings under its Workers' Compensation and Disability acts. Accordingly, the ALJ's decision will not be disturbed upon these grounds.

**B. The ALJ's discussion of Plaintiff's RFC**

Next, Plaintiff contends that the ALJ failed to properly assess Plaintiff's RFC to perform

5

light work. (Doc. No. 9-1). An ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96–8p, available at 1996 WL 374184, at * 2. It is the claimant's burden, however, to establish his RFC by demonstrating how his impairment impacts his functioning. See 20 C.F.R. §§ 404.1512(c), 416.912(c).

Here, the ALJ's decision is supported by substantial evidence, and, as such, will not be disturbed. The ALJ assessed Plaintiff's RFC as being able to perform light work, then reviewed all of the factors that went into the determination. (Tr. at 17-21). The ALJ limited Plaintiff's exposure to extreme temperature or humidity, pulmonary irritants, or hazardous conditions. (Tr. at 17). Plaintiff contends the ALJ's decision is in opposition with the position of Dr. Kevin Wolfe Plaintiff's pulmonologist. (Doc. No. 9-1). Plaintiff specifically references the Social Security Disability Questionnaires Dr. Wolfe completed, which states that Plaintiff is incapable of even sedentary work. (Tr. at 1250-1360). The ALJ detailed his review of Dr. Wolfe's questionnaires and found them to be inconsistent with the record, including Dr. Wolfe's own medical records, regarding Plaintiff's ability to perform light work. (Tr. at 21). The ALJ specifically points to Plaintiff's admitted ability to function with his treated asthma. (Tr. at 21). Further, the ALJ reviewed the treatment Plaintiff received from all the physicians, including Dr. Wolfe, and determined that Plaintiff could perform light work with restrictions. (Tr. at 17-21). The ALJ's determination of Plaintiff's RFC is supported by substantial evidence and will therefore not be disturbed.

### C. The ALJ Properly Weighed Dr. Wolfe's Testimony

In addition to the argument above, Plaintiff contends the ALJ erred regarding Dr. Wolfe's

6

testimony as a whole. Plaintiff contends that the ALJ erred by failing to properly weigh Dr. Wolfe's testimony. (Doc. No. 9-1). Plaintiff asserts that Dr. Wolfe's determination that Plaintiff could only perform sedentary work was controlling to the ALJ, and the ALJ erred by failing to giving controlling weight to Dr. Wolfe. (Doc. No. 9-1). Plaintiff further asserts that the ALJ failed to consider Dr. Wolfe's opinion utilizing the factors set out in 20 C.F.R. § 404.1527. (Doc. No. 9-1). These arguments fail.

Although the treating physician rule generally requires a court to accord *greater weight* to the opinion of a treating physician, the ALJ is not required to give *controlling weight* to the opinion of the treating physician. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (emphasis added). The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. Id. Further, the ALJ must review all the submitted medical opinions taking into consideration: examining relationship, treatment relationship, supportability (the opinion is supported by sufficient medical evidence), consistency, specialization, and other factors. 20 C.F.R. § 404.1527.

Here, substantial evidence supports ALJ's consideration of the information provided by Dr. Wolfe. As discussed above, the ALJ considered Dr. Wolfe's questionnaire, and found it to be against the weight of the evidence. (Tr. at 17 – 21). The ALJ's ruling outlines Dr. Wolfe's treatment, detailing Dr. Wolfe's findings regarding Plaintiff's FEV1 testing, a test performed to test lung function in asthma patients. (Tr. at 20). The ALJ's use of Dr. Wolfe's reports show that the ALJ utilized Dr. Wolfe's opinion where it was consistent with the remainder of the record and supported by objective findings. (Tr. at 20 – 21). The ALJ's consideration of Dr. Wolfe's report is evident because the ALJ placed restrictions on Plaintiff's RFC in accordance with Dr. Wolfe's findings that were supported by the record. (Tr. at 17). The ALJ's decision is

therefore supported by substantial evidence and will not be disturbed on these grounds.

### D. Evidence Submitted after the ALJ's Decision

Plaintiff contends that the evidence he submitted after the ALJ made his decision but before the Appeals Council ruled further supported his case. Plaintiff also argues the Appeals Council did not properly consider the evidence, necessitating remand. (Doc. No. 9-1). This argument fails.

A party may submit supplemental evidence that the Appeals Council must consider if, "it relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970. The Appeals Council, after reviewing any new evidence that is material, will "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970. "Evidence is new if it is not duplicative or cumulative." Pope v. Colvin, No. 2:13-CV-00008-FDW, 2014 WL 944609, at *5 (W.D.N.C. Mar. 11, 2014) (internal citations omitted). The evidence is material if "[there] is a reasonable possibility that the new evidence would have changed the outcome." Id.

Here, Plaintiff submitted evidence on August 30, 2013. A portion of the evidence was not reviewed by the Appeals Council because the evidence postdates the ALJ's decision on February 8, 2013. (Tr. at 1-3). The records from Plaintiff's visit with Dr. Wolfe on January 8, 2013, is the only record that was added by the Appeals Council to the record. (Tr. at 2). Dr. Wolfe's notes from January 8, 2013, do not establish any new or material information to Plaintiff's case. (Tr. at 1422). The record is consistent with the previous records that Plaintiff suffers from asthma and that there was no change from Plaintiff's prior visit on April 12, 2012. (Tr. at 1422). As there was no change needing review, the visit on January 8, 2013 was not material.

Therefore, the Appeals Council properly reviewed the entire record, and the record supports the ALJ's decision. As such, the decision will not be disturbed.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is DENIED; Defendant's Motion for Summary Judgment, (Doc. No. 11), is GRANTED; and the Commissioner's decision is AFFIRMED. The Clerk's Office is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Frank D. Whitney
Chief United States District Judge